UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| **Nita L. Stoops,** | Civil No. 04-1739 (JMR/SRN) |
| **Plaintiff,** | |
| v. | **REPORT AND RECOMMENDATION** |
| **Jo Anne Barnhart,**<br>**Commissioner of Social Security,** | |
| **Defendant.** | |

Fay E. Fishman, Esq., on behalf of Plaintiff

Lonnie F. Bryan, Esq., Assistant United States Attorney on behalf of Defendant

SUSAN RICHARD NELSON, United States Magistrate Judge

The above-entitled matter comes before the undersigned United States Magistrate Judge on Plaintiff's Petition for Attorney's Fees (Doc. No. 28) in the amount of $7491.63 (See Doc. No. 33) pursuant to the Equal Access to Justice Act (EAJA), the relevant text of which is codified at 28 U.S.C. § 2412(d).  This matter has been referred to this Court for a Report and Recommendation pursuant to 28 U.S.C. § 636 and District of Minnesota Local Rules 7.2(d) and 72.1.

I.   BACKGROUND

   A.   Procedural History

In 1998, Plaintiff applied for disability insurance benefits under Title II of the Social Security Act.  The Social Security Commissioner (Commissioner) denied Plaintiff's application.  (Doc. No. 19 at 2.)  Plaintiff subsequently requested a hearing of

1

the matter before an Administrative Law Judge (ALJ). (Id.) On August 23, 1999, ALJ Leonard A. Nelson found that Plaintiff was not disabled and, therefore, not entitled to benefits. (Id.) Plaintiff appealed ALJ Nelson's decision to the Social Security Appeals Council. (Id. at 2.) The Council denied Plaintiff's request to review ALJ Nelson's determination, making ALJ Nelson's determination the final decision of the Commissioner. (Id.)

Plaintiff subsequently filed suit against the United States in this Court seeking review of the Commissioner's decision. (Id.) On July 11, 2001, the Court, the Honorable District Court Judge Donovan W. Frank presiding, remanded the matter on the grounds that ALJ Nelson did not adequately explain his reasons for rejecting Plaintiff's subjective complaints about her pain and the side effects of her medications. (Id.) The remanded matter was assigned to ALJ Mary M. Kunz. (Id. at 3.) ALJ Kunz discussed in detail Plaintiff's subjective complaints of pain, headaches, and the side effects of her medications and found her subjective complaints were not credible based on inconsistencies in the record as a whole. (Id. at 4.) On July 23, 2002, ALJ Kunz determined that Plaintiff was not disabled and, therefore, not entitled to benefits. (Id. at 3.) Plaintiff filed an appeal of Kunz's decision with the Social Security Appeals Council but that body denied review making ALJ Kunz's determination the final decision of the Commissioner. (Id.)

On April 26, 2004, Plaintiff again sought review of the Commissioner's decision by filing a Complaint with this Court. (Doc. No. 1.) Thereafter, the parties filed cross-motions for summary judgment. (Doc. Nos. 7, 15.) This Court determined that ALJ Kunz properly (1) discredited Plaintiff's subjective complaints with respect to the side

2

effects of her medications; (2) discredited Plaintiff's subjective complaints with respect to pain; and (3) found that medical records from the prior file were not relevant to the current case. (Doc. No. 19 at 5-8, 10-11.) The Court, however, determined that ALJ Kunz erred in discrediting Plaintiff's subjective complaints of headaches. (Id. at 8-10.) Specifically, the Court found that two of ALJ Kunz's findings were in error: (1) that Plaintiff's medical records "from the period at issue [did] not indicate a separate and distinct diagnosis of headaches as an impairment"; and (2) that Plaintiff's treating physician's records did "not indicate at any visit the claimant presented with such a headache." (Id. at 8-9.) The Court found the "overwhelming weight of the evidence contrary to ALJ Kunz's credibility determination concerning headaches." (Id. at 10.) Therefore, the Court recommended to the trial judge that Plaintiff's Motion for Summary Judgment be granted in part and that the case be remanded for further proceedings on the grounds that, in determining the Plaintiff's residual functional capacity, the ALJ did not properly consider Plaintiff's complaints of headaches. (Id. at 12.) The trial court, the Honorable District Court Judge James M. Rosenbaum presiding, adopted the Report and Recommendation and remanded the case for further proceedings consistent with his Order. (Doc. No. 26.)

    B.    **Plaintiff's EAJA Application**

Plaintiff now petitions the Court for an award of attorney's fees incurred in securing the most recent remand decision from the Court. (See Doc. No. 28.) Plaintiff provides the following itemization of her fee requests:

Attorney Hours

| Date | Description |
|---|---|
| 03/09/04 | Receipt & review of Action of Appeals Council 0.3 |
| 03/16/04 | File review 3.0 |
| 03/17/04 | Ltr. to client regarding D.C. appeal, prepare Application To Proceed without Prepayment of fees 0.5 |
| 04/13/04 | Follow up ltr. to client 0.2 |
| 04/19/04 | Draft Summons and Complaint 1.5 |
| 04/20/04 | Review and revise Complaint 0.3 |
| 05/11/04 | Receipt and review of Notice of Appearance 0.3 |
| 07/07/04 | Receipt and review of Answer and Transcript 2.5 |
| 08/05/04 | Research/Drafting of Summary Judgment brief 5.0 |
| 08/09/04 | Drafting of Summary Judgment brief 4.0 |
| 08/10/04 | Drafting of Summary Judgment brief 4.7 |
| 08/11/04 | Edits and revision of Summary Judgment brief 3.5 |
| 08/12/04 | Edit Summary Judgment brief 2.0 |
| 08/19/04 | Receipt of and response to correspondence from Asst. U.S. Attorney .3 |
| 09/29/04 | Receipt and review of Defendant's Motion for Enlargement of Time .4 |
| 09/30/04 | Receipt of Magistrate Nelson's Order .1 |
| 10/18/04 | Receipt and review of Defendant's Motion for Summary Judgment 1.5 |
| 10/19/04 | File review, research and drafting Reply to Defendant's Motion For Summary Judgment 4.2 |
| 01/21/05 | Receipt and review of Report and Recommendation 2.0 |
| 01/25/05 | Drafting Plaintiff's Objection to Report and Recommendation 1.0 |
| 01/25/05 | Review and redrafting Objection to Report and Recommendation .5 |
| 02/03/05 | Receipt and review of Defendant's Objections to Report and Recommendation .4 |
| 02/08/05 | Receipt and review of Defendant's Response to Plaintiff's Objection to Report and Recommendation .5 |
| 03/01/05 | Receipt and review of Judge Rosenbaum's Order .2 |
| ------------- | |
| 04/27/05 | Draft EAJA Petition, Memorandum and Affidavit 2.0 |
| 04/29/05 | Revise EAJA Petition and Memorandum 1.0 |
| 05/31/05 | Prepare EAJA Reply Memorandum 1.8 |

**Total Attorney Hours Sought: 43.7**

<u>Paralegal Hours</u>

| | | |
|---|---|---|
| 04/21/04 | File Summons, Complaint, etc. with Court | 1.0 |
| 05/05/04 | Service of Summons and Complaint on General Counsel, U.S. Attorney General | 1.3 |
| 05/05/04 | Prepare and arrange service on U. S. Attorney | .3 |
| 05/19/04 | Filing Affidavits of Service and Certified Mail Receipts | .5 |
| 08/13/04 | Proofing and attempt to file (ECF) Plaintiff's Notice of Motion and Motion for Summary Judgment and supporting memorandum | 4.0 |
| 08/13/04 | Filed Application to file conventionally 73 pages of Medical records and numerous phone calls with ECF | 1.5 |
| 08/19/04 | Filing letter of Withdrawal of Application to File Conventionally | .3 |
| 08/19/04 | File Plaintiff's Notice of Motion and Motion for Summary Judgment and supporting documents | 1.6 |
| 08/20/04 | Service of Motion paperwork on General Counsel, U. S. Attorney Ashcroft, and Magistrate Nelson | .8 |
| 10/20/04 | Proofing, filing and service of Plaintiff's Reply to Defendant's Memorandum in Support of Motion for Summary Judgment | 1.8 |
| 10/20/04 | Ltr to Magistrate Nelson with copy of Plaintiff's Reply | .2 |
| 01/26/05 | Filing and service of Plaintiff's Objection to Report and Recommendation | .8 |
| ---------- | | |
| 04/29/05 | Proofing, filing and service of EAJA papers | 1.5 |

**Total Paralegal Time Sought: 15.6**

(Doc. No. 30 Ex. 1.) Plaintiff seeks $144.66 per hour for the 43.7 hours billed by her attorney or $6321.63 and $75 per hour for the 15.6 hours of "support staff" work or $1170 for a total fee request of $7491.63. (Doc. No. 28 ¶¶ 13-14; Doc. No. 33 at 5.)

## II. DISCUSSION

### A. <u>Legal Standard</u>

The EAJA provides in relevant part:

> [A] court shall award to a prevailing party other than the United States fees and other expenses . . . incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency

5

> action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A).

> A party seeking an award of fees and other expenses shall, within thirty days of final judgment in the action, submit to the court an application for fees and other expenses which shows that the party is a prevailing party and is eligible to receive an award under this subsection, and the amount sought, including an itemized statement from any attorney or expert witness representing or appearing in behalf of the party stating the actual time expended and the rate at which fees and other expenses were computed.  The party shall also allege that the position of the United States was not substantially justified. Whether or not the position of the United States was substantially justified shall be determined on the basis of the record (including the record with respect to the action or failure to act by the agency upon which the civil action is based) which is made in the civil action for which fees and other expenses are sought.

28 U.S.C. § 2412(d)(1)(B).  "Party," under the EAJA, means "an individual whose net worth did not exceed $2,000,000 at the time the civil action was filed."  28 U.S.C. § 2412(d)(2)(B).

A plaintiff must first establish that she was a "prevailing party" under the EAJA. See Huett v. Bowen, 873 F.2d 1153, 1155 (8th Cir. 1989) (per curiam).  Securing a court-ordered remand for further administrative review is enough, often, for the plaintiff to validly claim "prevailing party" status.  See Shalala v. Schaefer, 509 U.S. 292, 300-01 (1993) (noting that where the plaintiff seeks and the district court remands the matter and terminates the case, that is, does not retain jurisdiction over the administrative judgment on remand, the plaintiff is a prevailing party under the EAJA).  "Once a party establishes that he or she was a prevailing party, the burden shifts to the government to prove that it was substantially justified in asserting its position."  Huett, 873 F.2d at 1155.  To establish substantial justification, the Government must show that the denial

of benefits had a reasonable basis in law and fact.  See Welter v. Sullivan, 941 F.2d 674, 676 (8th Cir. 1991) (citing Pierce v. Underwood, 487 U.S. 552, 565-566 (1988)).  This means the Commissioner's position need only be "justified to a degree that could satisfy a reasonable person" to defeat a claimant's application for attorney's fees.  Pierce, 487 U.S. at 565.  The test of whether the Commissioner's position was substantially justified requires a showing that the Commissioner's position was "clearly reasonable, well founded in law and fact, solid though not necessarily correct."  Jackson v. Bowen, 807 F.2d 127, 128 (8th Cir. 1986) (per curiam) (citation omitted).

Because the substantial evidence and substantial justification standards are different, the Secretary's position in denying benefits can be substantially justified even if the denial is unsupported by substantial evidence on the record as a whole.  The Eighth Circuit explained this issue by stating,

> Under the substantial evidence standard, the district court must consider evidence that both supports and detracts from the Secretary's position.  In contrast, under the substantial justification standard the district court only considers whether there is a reasonable basis in law and fact for the position taken by the Secretary.

Welter, 941 F.2d at 676 (citation omitted).  "Because the standards are neither semantic nor legal equivalents, the Secretary can lose on the merits of the disability question and win on the application for attorney's fees."  Id. (citation omitted).

Attorney's fees requested under the EAJA may not exceed the rate of $125.00 per hour "unless the court determines that an increase in the cost of living . . . justifies a higher fee."  28 U.S.C. § 2412(d)(2)(A).  "Work done by paralegals is compensable if it is work that would have been done by an attorney.  If such hours were not compensable, then attorneys may be compelled to perform the duties that could

otherwise be fulfilled by paralegals, thereby increasing the overall cost of legal services." Miller v. Alamo, 983 F.2d 856, 862 (8th Cir. 1993) (citing Jean v. Nelson, 863 F.2d 759, 778 (11th Cir.1988), aff'd, 496 U.S. 154 (1990)). But while the EAJA allows the inclusion of paralegal and law clerk fees not otherwise accounted for in the attorney's hourly rate, "purely clerical or secretarial tasks should not be billed at a paralegal rate, regardless of who performs them." Missouri v. Jenkins, 491 U.S. 274, 288 n.10 (1989). "The rationale for concluding that clerical tasks are non-compensable under the EAJA, is that they are regarded as 'overhead costs,'" Sersen v. Barnhart, Civ. No. 02-1278 PAM/SRN, at 4 (D. Minn. May 2, 2005) (citing Knudsen v. Barnhart, No. C02-4108, 2004 WL 3240489, at *12 (N.D. Iowa Dec. 23, 2004)), because billing separately for such clerical services is not "the prevailing practice in the local community." Jenkins, 491 U.S. at 287 n.9.

### B. Parties' Positions

Defendant concedes that Plaintiff was the prevailing party[1] in this action. (Doc. No. 32 at 2.) Defendant contends, however, that the Commissioner's decision was substantially justified. (Id. at 3-6.) Defendant argues that because this Court found that three of the four challenged conclusions of the ALJ were legally and factually sustainable, the Commissioner's decision was substantially justified. (Id. at 6.) Defendant also asserts that the ALJ discussed the headaches and relevant medical

---

[1] The Court notes that Plaintiff never filed an affidavit stating that her net worth did not exceed two million dollars. Plaintiff's attorney's affidavit does indicate that her client's "net worth was less than two million dollars at the time she filed her Summons and Complaint with this Court on April 21, 2004." (Doc. No. 30 Ex. 1 ¶ 9.) Given that the United States has not challenged this claim as to Plaintiff's net worth, the Court accepts Plaintiff's counsel's affidavit in lieu of one supplied by Plaintiff.

evidence and that the ALJ's determination as to Plaintiff's complaints of headaches "had a reasonable factual and legal basis for concluding that Plaintiff's headaches did not impose limitations in addition to those enumerated in the [residual functional capacity] finding during the relevant time period." (Id. at 5-6.)

Plaintiff replies that the "standard for substantial justification is whether Defendant's position is well grounded on law and fact, not that it won the majority of its argument." (Doc. No. 33 at 2.) Plaintiff also argues that the Court found that the ALJ misstated the evidence in the record concerning headaches and that headaches must be considered part of Plaintiff's residual functional capacity on remand. (Id. at 3.) Plaintiff contends that such a finding means that the ALJ's decision was not well grounded in fact and, thus, not substantially justified. (Id.)

Defendant also objects to the amount of attorney's fees requested by Plaintiff. (Doc. No. 32 at 7-10.) While Defendant does not contest the hourly attorney and paralegal rates billed to Plaintiff, Defendant contends that Plaintiff's requested fees are unreasonable because: (1) many of the tasks billed are purely clerical in nature and could have been performed by someone other than an attorney or paralegal and are more properly absorbed as overhead costs; and (2) many of the itemized entries contain multiple activities within a single entry making impossible the task of evaluating the reasonableness of individual activities. (Id.) Accordingly, Defendant requests that Plaintiff's request for fees be reduced as follows: (1) that her attorney's hours be reduced by 8.2 hours; and (2) that the paralegal hours submitted be entirely eliminated. (Id. at 9-10.)

Plaintiff responds that all of the attorney hours listed are reasonable, and, while

conceding that some reduction of the paralegal hours for clerical functions may be appropriate, she argues that not all of the hours should be stricken. (Doc. No. 33 at 4-5.)

### C.     Court's Recommendation

The Court finds that the Defendant's position in the underlying action was not substantially justified. ALJ Kunz misstated the evidence in the record concerning Plaintiff's headaches leading to two erroneous findings: (1) Plaintiff's medical records "from the period at issue [did] not indicate a separate and distinct diagnosis of headaches as an impairment"; and (2) Plaintiff's treating physician's records did "not indicate at any visit the claimant presented with such a headache." (Doc. No. 19 at 8-9.) Consequently, these findings were not well grounded in fact and not clearly reasonable. Thus, the Court finds the United States has not shown it was substantially justified in asserting its position. That this Court upheld the Commissioner's decision on three of Plaintiff's four challenges to the Commissioner's decision does not alter the Court's determination given the circumstances.

The Court therefore, finds that some award of fees under the EAJA is warranted. The Court agrees with Defendant, however, that some reduction in the amount of fees is warranted. Having reviewed the record, the Court finds that the following itemized fees billed as paralegal services are for services that could be performed by non-attorney staff and, therefore, should not be billed at the $75 hourly rate: (1) the hour billed on April 21, 2004 to file the "Summons, Complaint, etc. with Court"; (2) the hour and eighteen minutes billed on May 5, 2004 for "Service of Summons and Complaint on General Counsel, U.S. Attorney General"; (3) the eighteen minutes billed on May 5,

2004 to "Prepare and arrange service on U.S. Attorney"; (4) the thirty minutes billed on May 19, 2004 for "Filing Affidavits of Service and Certified Mail Receipts"; (5) thirty minutes of the hour and thirty minutes billed on August 13, 2004 for filing the "Application to file conventionally 73 pages of Medical records and numerous phone calls with ECF"; (6) eighteen minutes billed on August 19, 2004 for "Filing letter of Withdrawal of Application to File Conventionally"; (7) the hour and thirty-six minutes billed on August 19, 2004 to "File Plaintiff's Notice of Motion and Motion for Summary Judgment and supporting documents"; (8) the forty-eight minutes billed on August 20, 2004 for "Service of Motion paperwork on General Counsel, U.S. Attorney Ashcroft, and Magistrate Nelson"; (9) the forty-eight minutes billed on January 26, 2005 for "filing and service of Plaintiff's Objection to Report and Recommendation"; and (10) thirty minutes of the hour and thirty minutes billed on April 29, 2005 for "Proofing, filing and service of the EAJA papers."  (See Doc. No. 30 Ex. 1.)  Additionally, given the pattern of billing for filing and serving of papers demonstrated above, the Court also finds that thirty minutes of the billing request for Plaintiff's Reply Memorandum (which is not supported by an affidavit) should be deemed time spent filing and serving the Reply and considered part of the overhead costs of Plaintiff's attorney.  As a result of the above reductions, the Court recommends reducing the paralegal hours submitted for payment by 8.1 hours at $75.00 per hour.  As a result, if the Court's recommendations are adopted, Plaintiff's request for $7491.63 in fees would be reduced by $607.50 and $6884.13 would be awarded.

Based upon the foregoing, and all the files and records herein,

**IT IS HEREBY RECOMMENDED that:**

1. Plaintiff's Petition for Attorney's Fees (Doc. No. 28) be **GRANTED in part and DENIED in part**; and

2. Plaintiff be awarded $6884.13 in attorney's fees.


Dated:  May 1, 2006


                                           s/ Susan Richard Nelson
                                          SUSAN RICHARD NELSON
                                          United States Magistrate Judge


Consistent with the other requirements set forth in D. Minn. L.R. 7.2(b)(3) any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by <u>May 18, 2006</u>, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections.  Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.